JULIAN, *Administrator, Appellant*, v. ABBOTT.

1. **Administration** : CREDITS ALLOWED ON FINAL SETTLEMENT : BURDEN OF PROOF. Before an administrator will be allowed credit on his final settlement for an uncollected note as insolvent, he must show that it could not have been collected during the time that he had charge of the estate.

2. ————: CARE AND DILIGENCE REQUIRED OF ADMINISTRATOR : HOW FAR LIABLE FOR ACTS OF AGENT. An administrator is bound to use all the care, diligence and caution in the management, collection and protection of the assets of the estate that a prudent and careful business man would use in the care and management of his own business, and if necessary, may employ an agent to assist him in the collection of the assets of the estate, but if loss occurs by reason of the management or financial failure of the agent without any

collusion, negligence or inattention on his part, he is not liable for the loss.

*Appeal from Greene Probate and Common Pleas Court.*—HON. T. H. B. LAURENCE, Judge.

AFFIRMED.

This was an appeal from the judgment of the lower court overruling exceptions filed by S. H. Julian, as administrator *de bonis non* of the estate of H. J. Lindenbower, deceased, to the closing settlement of James Abbott, the former administrator. Abbott asked credit for the said Lindenbower's share of an uncollected note of one Henderson Jones in favor of Lindenbower and one Joel Abbott. Julian objected to the credit, alleging that Jones was insolvent, and that the administrator could have made the money, but consented and agreed that certain personal property which was mortgaged to secure the note should be removed from the State and sold, and the proceeds squandered, whereby the same had become a total loss to the estate; and he prayed that the administrator be charged with the full amount of the note as having been lost to the estate through his negligence.

The history of this note was as follows: On the 8th day of September, 1870, Jones being indebted to Lindenbower and Joel Abbott in the sum of $14,829.74, executed the note for that amount, and to secure it, on the same day, executed a deed of trust on a tract of land and a quantity of whisky in barrels, about 9,000 gallons. This deed of trust also secured other notes of Jones, on which Lindenbower and Joel Abbott were sureties. James Abbott, the present defendant, was trustee. Jones retained possession of the whisky, selling from time to time as he could, and applying the proceeds in reduction of the other notes. On the 24th day of January, 1871, Lindenbower died. James Abbott became administrator of his estate and inventoried as part of the assets of the estate his interest in the Jone

note. In January, 1873, a large quantity of the whisky still remaining on hand, Joel Abbott, by agreement with Jones, and with the consent of James Abbott, removed it to the state of Texas, and there sold it. Portions of the proceeds, amounting in the aggregate to $2 950, were, at various times, sent to James Abbott, to be used in buying goods to be sent to Texas to replenish the stock in a business which Joel had set up there. No part of the proceeds were ever paid over to James Abbott to be credited on the note. Everything was invested in the business, and was finally lost through the failure of Joel. The testimony adduced at the trial was voluminous, and in many particulars conflicting. That of the exceptor tended to show that the administrator was guilty of negligence in failing to obtain possession of the whisky and sell it, and in consenting to its removal beyond the limits of the State. That of the the administrator, on the other hand, tended to show that there was no sale for it in Greene county and the surrounding country, that the prospect of selling it to advantage in Texas was good, that he acted prudently in leaving it in the possession of Joel Abbott, entrusting it to his management instead of taking charge of it himself. The court gave the following declarations of law: (1) When an administrator returns a note as insolvent, in his final settlement, the burden of proof is on him to show that it could not be collected, and could not have been during the time he had charge of the estate. (2) An administrator is bound to use all the care, diligence and caution in the management, collection and protection of the assets of the estate that a prudent and careful business man would use in the care and management of his own business, and if necessary, said administrator is authorized to employ an agent to assist him in the collection of the assets of the estate, but if a loss occurs by reason of the management or financial failure of said agent without any collusion, negligence or inattention of said administrator, said administrator is not liable for said loss.

*C. W. Thrasher* and *H. C. Young* for appellant.

Lindenbower and Joel Abbott were tenants in common of the Jones note, and each had equal right to enforce its payment, and must join in any proceeding for that purpose. And after the death of Lindenbower, James Abbott, as his administrator, succeeded to his rights in the note, and in the matter of protecting the interest of the estate of said Lindenbower in relation thereto. *Clark v. Cable*, 21 Mo. 223 ; *Rainey v. Smizer*, 28 Mo. 310 ; *Dewey v. Carey*, 60 Mo. 224 ; Gen. St. 1865, ch. 161, § 2 ; 2 Kent's Com., (10 Ed.) 447 ; 2 Story Eq. Jur., (4 Ed.) § 1044 ; Bliss on Code Plead., §§ 62, 64 ; *Groves v. Ruby*, 24 Ind. 418 ; *Smith v. Oldham*, 5 Mo. 483 ; *Weise v. Gerner*, 42 Mo. 527. Under the code the real parties in interest are the only proper plaintiffs in a suit. *Webb v. Morgan*, 14 Mo. 428 ; *Walker v. Mauro*, 18 Mo. 564 ; *Smith v. Kennett*, 18 Mo. 154 ; *Smith v. Schibel*, 19 Mo. 140 ; *Waterman v. Frank*, 21 Mo. 108 ; *Thornton v. Crowther*, 24 Mo. 164 ; *Hutchings v. Blackford*, 35 Mo. 285. After the death of Lindenbower who but his administrator could be the real party in interest in his share of the note? James Abbott, as trustee in the deed of trust, and administrator of the estate of Lindenbower, a *cestui que trust*, was in duty bound to use reasonable diligence to secure to the estate of Lindenbower its full share of the proceeds of the goods held by the deed of trust. And if there has been a loss to the estate by reason of his negligence or wrongful act, he is liable for such loss. (1) As trustee, it was his duty to see that the proceeds of the property were properly appropriated to the benefit of the *cestui que trust*, and to act in the matter with the strictest impartiality and integrity. 1 Wash. on Real Prop., (2 Ed.) 531 ; *Sherwood v. Saxton*, 63 Mo. 78, 82 ; *Mitchell v. Ladew*, 36 Mo. 526. (2) As administrator, it was his duty to use reasonable diligence to collect the note. *Fudge v. Durn*, 51 Mo. 264 ; *Williams v. Petticrew*, 62 Mo.

460 ; *State v. Meagher*, 44 Mo. 356. (3) An administrator, in the care and management of an estate, is bound to exercise that care and diligence which a prudent man would exercise in the management of his own property. *Fudge v. Durn*, 51 Mo. 264 ; *State v. Meagher*, 44 Mo. 356. (4) If, when an administrator receives a note, the makers thereof are solvent but afterward become insolvent, the burden of proof is on him to prove that with due diligence he could not have collected it, and the same should not be allowed to him as a credit in his final settlement unless he makes such proof. *Williams v. Petticrew*, 62 Mo. 460. (5) The circumstance that respondent occupied the double trust of administrator and trustee, does not relieve him from the responsibilities of either. *In re Wood*, 71 Mo. 623.

*B. U. Massey* and *C. A. Winslow* for respondent.

Whether the administrator should have been charged with the note in question depends entirely upon whether he acted prudently, and in the exercise of a sound judgment, in failing to get possession of the note, if he had any right to it, and to take charge of the disposition of the whisky, instead of entrusting it to the management of the other parties in interest, as he did. And whether he acted prudently and wisely in this or not, involves the further inquiry as to whether, all the circumstances considered, he could have realized anything on the note, or whether he might not have involved the estate in loss, by assuming the burden and expense of disposing of the whisky himself. Under the deed of trust, he could only have sold it for cash at public sale, and there is nothing to show that it would have realized anything on the note in that way. The record does not present a case in which an administrator has wasted assets which came to his hands, but whether he has acted wisely or unwisely in deciding not to take charge of some precarious assets, under very peculiar circumstances. It is not shown that he has been guilty of any fraud in the

premises, or that he was interested in any speculation with the whisky, or did more than to assent to the disposition that was made of it. His fault, if any, is one of omission. The evidence of all the parties shows that the prospects of making anything out of the whisky at Springfield were poor. Two of the parties, each of whom had personal interests to subserve, were sanguine that it could be disposed of to advantage in Texas. All seemed to have confidence that the right thing would be done by whoever took the matter in charge, and all were animated by one purpose, which was to make the most possible out of the whisky, in the shortest time, and apply the proceeds in strict accordance with the understanding of the original parties in interest. The situation of the property was peculiar and complicated. The investigation involved a large number of facts, the testimony preserved in the record is voluminous and difficult to understand, and the finding of the trial court should not be disturbed, unless it was produced by some error of law. The trial below was lengthy and exhaustive, and the result fully justified by the evidence. *Hamilton v. Boggess*, 63 Mo. 233.

HOUGH, J.—After a careful examination of all the testimony in this case, we are of opinion that the probate court properly declined to charge the defendant in his final settlement with Lindenbower's interest in the note of Henderson Jones. The instructions given by the court show that the case was tried upon correct principles, and as the evidence sustains the finding, the judgment will be affirmed. All concur.