*In the matter of the Appeal of* S. LOWE, *Prosecuting Witness, from a Judgment against him for Costs.*

COSTS IN CRIMINAL CASES — *Liability of Complaining Witness — Constitutional Law.* Section 326 of the criminal code, which provides that a prosecuting witness may be committed for his failure to pay costs when the jury find the defendant not guilty, and also find that the prosecution was instituted from malicious motives and without probable cause, is not unconstitutional. (*In re Ebenhack,* 17 Kas. 618, followed.)

*Motion for Rehearing.*

THE facts sufficiently appear in *In re Lowe,* 46 Kas. 255, *et seq.,* and in the opinion herein, filed February 6, 1892.

*J. V. Beekman,* and *M. B. Light,* for the motion.

*John N. Ives,* attorney general, and *L. C. Whitney,* county attorney, *contra.*

*Per Curiam:* The contention in this case is really over the constitutionality of the statute permitting a prosecuting witness to be committed for his failure to pay costs when the jury find the defendant not guilty, and also find that the prosecution was instituted from malicious motives and without probable cause. (Crim. Code, § 326.)

Section 275, chapter 31, Gen. Stat. of 1868, (§ 309 of the Crimes Act, ¶ 2449, Gen. Stat. of 1889,) is also referred to. An argument is presented against its constitutionality. But we need refer only to § 326 of the criminal code to dispose of the motion now pending. The constitutionality of this statute is upheld in *In re Ebenhack,* 17 Kas. 618, decided in 1877, about 15 years ago. Mr. Justice BREWER delivered the opinion, and, among other things, said:

"That the prosecuting witness by coming into court and filing his complaint submits himself to the jurisdiction of the justice, and at the same time that the question of the guilt of the person, by his affidavit charged with crime, is tried, his own conduct in the premises is inquired into. True, he is not

49 — 47 KAS.

upon the record as a party plaintiff or defendant, but the prosecution is instituted at his instance, and he appears upon the record as the complaining party. Many civil proceedings were formerly in the name of the state upon the relation of some one. . . . It is true, also, that no formal accusation is presented against the complainant upon which he is tried and found guilty, and that the first written statement of his wrong is in the finding and order; but the same is equally true in many cases in commitments for contempt. There, often the first writing is the order of the court committing the offender for the contempt. The proceeding is summary, but it is clear that it is due process of law, and that the offender has had his day in court. Indeed, it may well be considered that he who maliciously, or without probable cause, invokes the process of a court to oppress and wrong an innocent party, by placing him under arrest and upon trial for violation of law, is guilty of a contempt of court."

The present case was decided at our January term for 1891, in obedience to the Ebenhack case. That decision has established for a long time a rule opposite to the decision referred to in *The State v. Ensign*, 11 Neb. 529. We cannot now depart from the Ebenhack case without overruling various subsequent decisions, and we are not willing to do so. If § 326 of the criminal code, as construed, works injustice in any case, the legislature has ample authority to interfere. The decisions of this court have been uniform since *In re Ebenhack* was decided, and we prefer to adhere to it.

After a defendant is acquitted, the state is not entitled to a new trial before a jury as to which party must pay the costs. The prosecuting witness is so connected with the state in the trial that after the acquittal of the defendant he cannot demand a retrial upon the evidence before another jury. If costs are improperly taxed by the court after the acquittal of the defendant, of course, a motion can be made for the re-taxation, and a proper inquiry may be had thereon.

In this case, it appears that the district court approved the verdict of acquittal and also the finding of the jury against the prosecuting witness; therefore, in this case, the court below pronounced judgment of acquittal and for the commitment

of the prosecuting witness, in accordance with its own opinion — not merely the opinion of the jury.

The motion for a rehearing will be overruled.