*In the matter of the Appeal of* R. R. BEAM, *Administrator of the estate of Catherine Butler, deceased, from a judgment of the district court of Harper county, Kansas, refusing to approve his amended first annual report as such administrator.*

**No. 593.**

1. PRACTICE, COURTS OF APPEALS—*Petition in Error.* A petition in error entitled: "In the matter of the appeal of R. R. Beam, administrator of the estate of Catherine Butler, deceased, from a judgment of the district court of Harper county, Kansas, refusing to approve his amended first annual report as such administrator, upon an appeal from the probate court of Harper county, Kansas," held to be sufficient.

2. PRACTICE, PROBATE COURT—*Administrator's Account.* An administrator cannot be charged with debts or choses in action until he has received the money.

Error from Harper district court, G. W. McKAY, judge ; opinion filed July 10, 1899. Reversed.

STATEMENT.

THE probate court of Harper county discharged appellant as administrator of the estate of Catherine Butler, deceased, to compromise certain actions brought by decedent to recover the value of certain property

seized under writ of attachment. Under the order to compromise, one T. A. Noftzger, attorney for the administrator and also attorney for the decedent in the suit compromised, collected the sum of $663.40. He retained out of the amount so received the sum of $300, claiming that such sum was due him for services rendered decedent during her lifetime, in connection with the suits compromised, and to the administrator in connection with the estate. He claimed to have a lien on the amount retained. The remainder of the sum collected, after paying $60.40, accrued costs of cases compromised, was turned over to the administrator, who afterward rendered his annual report, as follows :

" AMENDED FIRST ANNUAL ACCOUNT of R. R. Beam, administrator of the estate of Catherine Butler, deceased.

" Accountant charges himself as follows : To money received from T. A. Noftzger, attorney, as proceeds of Conrades Chair Company and Vornbrock Furniture Company matters, less attorney fees claimed and retained by said Noftzger for services rendered as attorney for said estate and also for said Catherine Butler in her lifetime, $300 ; and costs paid, as per order of the probate court to the clerk of the district court of Harper county, Kansas, $60.40 ; amount, $303.00."

This report was rejected, and the court ordered that the administrator be charged with the sum of $663.40, the full amount collected by the attorney under the order of the court. From this order the administrator appealed to the district court of Harper county. Trial was had before the court and findings of facts were made, on which judgment was rendered sustaining the order of the probate court and charging the administrator with the full amount collected by Noftzger.

*In re* Beam.

The administrator brings the case to this court for review.

*Geo. B. Crooker*, for R. R. Beam, administrator of the estate of Catherine Butler, deceased.

*George E. McMahon*, for the heirs of Catherine Butler, deceased.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendant heirs insist that no petition in error has been filed in the case in this court, and that, therefore, we are without jurisdiction to hear and determine the case.   It is not denied that a paper purporting to be a petition in error has been filed, but it is urged that such paper is not a petition in error, because it does not contain the names of the parties, plaintiff and defendant.

The title of the petition in error is as follows :

"In the matter of the appeal of R. R. Beam, administrator of the estate of Catherine Butler, deceased, from a judgment of the district court of Harper county, Kansas, refusing to approve his amended first annual report as such administrator, upon an appeal from the probate court of Harper county, Kansas.   Petition in error."

Appellant was the only party to the action in the court below.   We are unwilling to concede that the statute cited must be so construed as to preclude a party feeling himself aggrieved by a judgment or ruling from having such ruling or judgment reviewed by an appellate court where he is the only party to the suit in the lower court, and could not therefore file a petition containing the names of the parties, plaintiff and defendant.   The legislature never intended to make the right of appeal conditional upon the performance of an impossibility.   The law provides

*In re* Beam.

for a liberal construction of statutes, with the view of promoting their object, and we think that a reasonable construction of the statutes in question would be that the petition in error must contain the names of the parties, plaintiff and defendant, if there are parties both plaintiff and defendant. Following the precedent of the supreme court in the cases of *In re Lowe, Appellant*, 47 Kan. 769, 28 Pac. 1089, and *In re Johnson*, 12 Kan. 102, we shall hold that this court has jurisdiction to entertain the appeal.

The only question to be decided in this case is, Did the court err in charging the administrator with the entire amount collected by Noftzger? In the findings of fact returned, the court found that the money was collected by the attorney, and that he retained $300 of it, claiming that such amount was due him for services rendered. There is no evidence to show that the money was ever actually received by the administrator. "An executor or administrator cannot be charged with debts or choses in action until he has actually received the money." (*Ruggles v. Sheman*, 14 Johns. [N. Y.] 446; *Smith v. Hurd*, 8 Smedes & M. [Miss.] 682; *Jones v. Williams*, 2 Cal. 102; *Douthet, Adm'r, v. Douthet*, 1 Ala. 594.) If it be urged that the attorney acted as agent for the administrator, and that the receipt by the agent amounted to the receipt by the principal, then we reply that the administrator had a right to employ an attorney, using reasonable care and prudence in the selection of such attorney, and that he would not be responsible for the loss of the funds, even should the attorney have embezzled them, unless such funds were lost through negligence of the administrator. (*Christy v. McBride*, 2 Ill. 75; *Julian v. Abbott*, 73 Mo. 580.)

In this case it is clear that the attorney retained the

money under the claim that he was entitled to it.    If the administrator could not be charged with funds embezzled by an attorney, where the administrator was not guilty of negligence, we cannot see why he should be charged with money retained under the claim of right.    If the administrator should lose the right to recover such money, by neglecting to bring an action for its recovery before the right to do so was barred by the statute of limitations, he would then be properly chargeable with the loss.    It does not appear from the record, however, that the right to recover has been lost, either because the statute has run or for any other reason.    We shall hold, therefore, that the court erred in charging the administrator with the whole amount collected.

The judgment of the district court is reversed.