HALLWAY et al., Respondents, v. ECKLER et al.,
Appellants.

St. Louis Court of Appeals, March 29, 1904.

1. ADMINISTRATION: Unavailable Asset. In order that an executor may be entitled to credit on his final settlement for the amount of a note as an unavailable asset, he must make a reasonable showing that it could not be collected.

2. ———: Executor's Negligence. Where a note was due an estate from the wife of one of two executors, for money loaned her by the testator, and the evidence tended to show that the husband, the executor, received the proceeds of the note as well as inheritances received by her from other estates, and the other executor showed no diligence to protect the estate, an order charging the executors with the amount of the note was proper, although she was wholly insolvent.

Appeal from St. Charles Circuit Court.— *Hon. H. W. Johnson*, Judge.

AFFIRMED.

*L. H. Breker* and *C. & C. J. Daudt* for appellants.

Executors are entitled on final settlement to credit for all debts where the debtor is insolvent, or where it has been impossible for the executors to have collected the debt by the exercise of due diligence. R. S. 1899, sec. 234; Powell v. Hurt, 108 Mo. 507.

*Brice Edwards* and *C. W. Wilson* for respondents.

(1) The burden was upon the executors to prove in a satisfactory way that the note of Frances Eckler was in fact unavailable. In re Haffey Estate, 10 Mo. App. 232; Powell v. Hurt, 31 Mo. App. 632; Julian v. Abbott, 73 Mo. 580. (2) If Henry Eckler, the executor. received from his wife, Frances Eckler, the fifteen hundred dollars for which sum the note was given, and also

received the five hundred and three dollars that came to his wife by inheritance from her brother's estate in November, 1902, and received the four hundred dollars which his wife inherited from her father; or if Henry Eckler, the executor received and used this money in payment of his debts, then he owes the money to his wife, and her note is not unavailable. McGregor v. Pollard, 66 Mo. App. 324; Broughton v. Brund, 94 Mo. 169; White v. Cloriby, 101 Mo. 162. (3) This court will defer to the finding of the lower court, and will not assume to reverse the judgment on the ground that it is against the weight of the evidence. Fur. & Car Co. v. Davis, 86 Mo. App. 300; Swayze v. Bride, 34 Mo. App. 414; Caruther v. Williams, 58 Mo. App. 101; Hamilton v. Berggese, 63 Mo. 233.

GOODE, J.—Exceptions to the final settlement of Henry Eckler and Henry Debrecht, executors of the will of J. H. Eckler, deceased, were filed in the probate court of St. Charles county, May 21, 1903. All objections to the settlement except as to one item, were eliminated by agreement of the parties before the judgment of said court. The contested item was a credit claimed by the executors for a note given by Frances Eckler to the deceased, May 3, 1897, for $1,500, but amounting, with interest, at the time of the settlement, to $1,762.50. The executors averred that said note was uncollectible and as it had been charged against them in their inventory they were entitled to be credited with the amount of it. The probate court refused to allow that credit, held the note was an available asset and that the executors must account for it, and ordered the distribution of said amount, together with certain other assets in the hands of the executor, among the distributees of the estate. An appeal was taken to the circuit court of St. Charles county, where, upon a trial anew, the same result was reached and an appeal taken to this court.

The point pressed here is that, on the evidence, the executors were entitled to be credited with the amount of said note and that the exception to that item of their settlement was improperly sustained. The decision of this point in an intelligent way, calls for nothing more than a resume of the evidence. The testator, J. H. Eckler, died January,1901, and the appellants qualified as executors of his will during the same month. The deceased was the father of Henry Eckler and the grand- father of Henry Debrecht, who were appointed execu- tors of his will without bond. Frances Eckler, who was the wife of Henry Eckler, borrowed $1,500 from her de- ceased father-in-law May 3, 1897, and gave him the note in question, due one year after date and bearing interest at five per cent per annum. She and her husband lived on a farm and were in humble circumstances; in fact he was in debt more than $3,000. The day after she bor- rowed the money he paid off two incumbrances on his farm which amounted to about $1,300. He said he got the money to make those payments by selling crops from his farm; but his testimony in that regard, as in others, was unsatisfactory. He disclaimed any knowledge of what his wife did with the money, or that he ever re- ceived any of it from her. There was testimony that at her death, which occurred June 8, 1903, she left no means and there is no direct evidence as to what became of the sum borrowed from her father-in-law. Mrs. Eckler was an heir of her brother Frank Kemper, and her share of his estate was $503. On November 20, 1901, after her husband had qualified as executor of the will of J. H. Eckler, deceased, she executed to him the following assignment of her distributive share of the estate of her deceased brother:

"Know all men by these presents, that I, Frances Eckler, of St. Charles county, in the State of Missouri, for one dollar, to me in hand paid by Henry Eckler, of

St. Charles county, in the State of Missouri, do bargain, sell, convey, transfer and assign to the said Henry Eckler all moneys due me and coming to me from the estate of Frank Kemper, Jr., deceased, for his use. And I, the said Henry Eckler, accept the said trust.

"Witness our hands and seals, this, the twentieth day of February, A. D. 1901.

"FRANCES ECKLER,     (Seal)

"HENRY ECKLER,     (Seal)."

Henry Eckler filed that written transfer of his wife's interest in Frank Kemper's estate in the probate court among the administration papers of said estate. In November, 1902, the estate of Frank Kemper was ready for distribution; but instead of Henry Eckler receiving his wife's share under the assignment she had executed to him, he allowed her to receive it in his presence, although at the time Mr. J. L. Breker, who was Henry Eckler's attorney, asked her to pay it on the note. It appears, too, that Mrs. Eckler received $400 from the estate of her own father, which sum she turned over to her husband. Henry Eckler swore he had no knowledge of what his wife did with the money she received from her brother's estate; that he got no part of it. He swore, too, that neither he nor his coexecutor endeavored to collect the note in question, because she was insolvent and an attempt to collect it would have entailed useless expense.

The foregoing facts tend to prove that Henry Eckler received the proceeds of the note and used it to pay his debts; that he purposely aided his wife in appropriating what was coming to her from her brother's estate, instead of trying to collect it himself and apply it in payment of her debt to the estate in his hands. She had no right to assign her inheritance to him as a gift and leave her indebtedness unpaid; and after she had assigned it, he had no right to allow her to collect

and appropriate it. His conduct was inconsistent with his fiduciary duties and leads to the belief that he was serving his own interest instead of the estate's. Two judges reached that conclusion on the evidence, and we are asked to reverse their findings, as unsupported by the facts. Instead of discovering cause for such a ruling, we are morally certain that the findings below were in accord with the true facts.

There was no evidence to connect Debrecht with any fraudulent conduct in the matter, but he appears to have used no diligence as executor to protect the interests of the estate or collect the note which Mrs. Eckler owed. In order for these executors to be entitled to a credit on their final settlement of the amount of the note as an unavailable asset, it devolved on them to make a reasonable showing that it could not be collected. Julian v. Abbott, 73 Mo. 580. This they failed to do. No attempt was made to reach Mrs. Eckler's inheritance from her brother, nor to proceed against her in any way. Of course, if Henry Eckler got the proceeds of the note himself, by collusion with his wife when she made the loan, it was as much his obligation as hers; if, on the other hand, he borrowed it from her, he. stood indebted to her as long as she lived for the amount borrowed and to her estate after her death. He was the responsible party, and, therefore, in that contingency, her note presumably is not uncollectible, there being no proof that he is insolvent. In any view of the matter, gross negligence was established on the part of the appellants, if not positive fraud. The judgment is, therefore, affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.