## Darlington's Estate.

*Trusts—Trustees—Theft of securities—Liability of trustee for*
*loss caused by theft—Surcharge—Erroneous surcharge.*

1. A trustee is not an insurer of trust funds against the possi-
bility of loss, and all that is required of him is good faith and
reasonable diligence.

2. Where the funds of a trust estate are invested in securities
not expressly authorized by the acts of assembly, there is not a
breach of trust although there may be liability for loss by reason
of depreciation.

3. A trustee is not liable for securities taken by her attorney-
at-law and converted to his own use where negligence on the part
of the trustee has not been established, merely because the se-
curities in question were not such investments of trust funds as
were authorized by law.

4. In a trustee's account, stated by her executors, credit was
claimed for the market value of securities of the trust estate. It
appeared that the securities had been taken from the trustee's safe
deposit box by the trustee's attorney-at-law, and converted to his
own use; that for ten years the attorney had a key to the box in
which the trust securities were kept and to another box containing

the trustee's individual securities; that the trustee had inquired concerning her attorney before retaining him, and that his reputation for honesty and financial responsibility in the community during the life of the trustee was unquestioned; and that the trustee had ample reason for the confidence which she reposed in him. The securities converted had been purchased by the trustee and were not of the class known as "legal" investments. An auditor appointed to examine the account did not find that the loss resulted from the trustee's negligence, but surcharged the accountants for the market value of the securities, because they represented unauthorized investments. *Held,* the Orphans' Court erred in confirming the auditor's report in the absence of a finding that the loss resulted from the trustee's negligence.

5. In such case, the auditor allowed a credit claimed by the accountants for the amount of a mortgage collected by the trustee's attorney but not turned over to her, and for the loss of money of the trust estate given the attorney for investment in mortgages on real estate and converted by him. The auditor found that the trustee was not negligent in entrusting these funds to her attorney. The substituted trustee for the defrauded estate contended that this finding was erroneous, because three years before the trustee's death, the trustee discovered that her attorney had removed certain bonds from the box in which the trust securities were kept. It appeared that the interest on these securities was paid until the trustee's death, and there was no evidence produced that the trustee had any reason to suspect that the attorney was guilty of wrong doing. It further appeared that it was usual that securities such as those which had been removed and such as the mortgage which had been collected, should be taken to the attorney's office from time to time, and that the payments to the attorney of funds for investment, were made as such payments are usually made. *Held,* the Orphans' Court did not err in confirming the report of the auditor in this respect.

Argued Feb. 10, 1914. Appeals, Nos. 36 and 37, Jan. T., 1914, by Alfred D. Sharpless and William P. Sharpless, Executors of Alice P. D. Derrick, deceased, and The Provident Life and Trust Company of Philadelphia, succeeding Executor and Trustee under the will of William Penn Darlington, deceased, from decree of O. C. Chester Co., dismissing exceptions to report of auditor, in Estate of William Penn Darlington, Deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCH-

ZISKER, JJ. Appeal No. 36, reversed. Appeal No. 37, affirmed.

Exceptions to report of Wallace A. Harlan, Esq., auditor. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Alfred D. Sharpless and William P. Sharpless, Executors of Alice P. D. Derrick, Deceased, and The Provident Life & Trust Company, succeeding executor and trustee under the will of William Penn Darlington, deceased, appealed.

*Errors assigned* were in dismissing the exceptions.

*Arthur P. Reid,* for the executors of Alice P. D. Derrick, deceased, appellants.—A trustee is not liable for securities stolen by her attorney where no negligence on her part has been established, merely because the securities in question were not such investments of trust funds as have been authorized by law: Adams's Est., 221 Pa. 77; Neff's App., 57 Pa. 91; Eyster's App., 16 Pa. 372; Olds' Estate, 176 Pa. 150.

*George B. Johnson,* with him *Townsend, Elliott & Townsend,* for the trustee under the will of William Penn Darlington, deceased, appellee.—When trust funds are illegally invested, they are treated as misappropriated, and they are, therefore, held at the personal risk of the trustee, and not of the estate: Freas's Est., 231 Pa. 256; Barker's Est., 159 Pa. 518; Baer's App., 127 Pa. 360; Commonwealth v. McGovern, 4 Pa. Superior Ct. 598.

*George B. Johnson,* with him *Townsend, Elliott & Townsend,* for the trustee under the will of William Penn Darlington, deceased, appellant.—The trustee was grossly negligent in entrusting funds of the estate to her attorney under the circumstances: Cressman's Est., 2

Philadelphia 76; Shoch's Est., 11 W. N. C. 288; Adams's Est., 221 Pa. 77.

*Arthur P. Reid,* for the executors of Alice P. D. Derrick, deceased, appellee.—There is no finding of negligence on the trustee's part, and the auditor's report as respects this appeal should stand.

OPINION BY MR. CHIEF JUSTICE FELL, May 4, 1914:

Both appeals are from a decree of the Orphans' Court affirming the report of an auditor of the account of a testamentary trustee filed by her executors. Credit was asked by the accountants, first, for the market value of securities of the trust estate that had been taken by the attorney-at-law of the trustee from her safe deposit box in a bank and converted to his own use, and second, for the amount of a mortgage collected by him and for moneys entrusted to him for investment in real estate securities, which he appropriated. The securities taken were bonds of railroad, gas, electric and water companies in which the moneys of the estate had been invested. Credit was refused by the auditor for the loss of the securities because they represented investments that a trustee is not authorized by law to make, and credit was allowed for the money collected on the mortgage and for the loss of money entrusted to the attorney for investment in mortgages.

The surcharge of the accountants was not based on a finding that the trustee had been negligent in affording her attorney an opportunity to appropriate the securities, but it is rested entirely on the ground that the bonds taken were not investments that a trustee is authorized to make, and the single question presented by the appeal of the executors of the will of the trustee is whether a trustee is liable for securities taken by her attorney-at-law and converted to his own use where negligence has not been established, and merely because the securities in question were not such investments of trust

funds as were authorized by law. The investments by the trustee, which were the subject of dispute and investigation, are carefully arranged and classified in the admirable report of the auditor, and his findings of fact and conclusions of law are clearly and concisely stated. It appears by his findings, which rest on undisputed testimony, that the trustee had the fullest confidence in her attorney, and that she had ample reason for her confidence. She made inquiries concerning him from the most reliable sources, before retaining him, and for many years he represented her with entire fidelity. He was an attorney-at-law of the highest standing in his profession and his reputation for honesty and financial responsibility in the community where he lived was never questioned during the life of the trustee. For ten years he had a key to the box in which the trust securities were kept in a bank, and to a box in the same place where the trustee's individual securities were kept. There was nothing in his conduct in the community to put her on guard, and nothing in his relations with her in the management of the estate which could excite any suspicion except possibly one matter which occurred in the latter part of her administration of the trust to which reference will be made in considering the appeal of the Provident Life and Trust Company, succeeding trustee.

The surcharge made by the auditor is based on the proposition that since a trustee who makes investments in securities other than those authorized by the act of assembly must account for the principal invested, unless relieved from liability by the acceptance of such securities by the cestui que trust, it follows the securities are, as to the estate, a nullity and when rejected are to be treated as held by a trustee as security to himself for the repayment to the trust estate of the moneys invested in them, and that if the securities are lost, although without fault on his part, the loss must be borne by him. His conclusion is thus stated: "The liability for the moneys so invested having been once fastened

upon the trustee at the time the investment was made
cannot be discharged by anything that might happen to
such securities." This conclusion was not accepted as
correct by the learned judge of the Orphans' Court, who
inclined to the view that a trustee who is unable to pro-
duce securities because of their loss, for which he is not
answerable, should suffer only to an extent necessary to
make up any deficiency occasioned by a failure of the
securities to realize on the market the amount invested
in them. He, however, in order to avoid delay and to
afford a speedy determination of a question which could
not be finally decided except on appeal to this court,
affirmed the report of the auditor.

The accountants are not asking relief from liability
for losses by depreciation in value of securities not au-
thorized by law which were purchased with the funds of
the trust estate. They voluntarily proved the present
market value of the securities and admitted a surcharge
of all losses by reason of depreciation. They did not ask
credit for loss in value through depreciation, but for the
loss of the securities themselves.

Under the finding of the auditor that the trustee was
not in fault in trusting her attorney, we think the credit
claimed should have been allowed. Where a trustee min-
gles the money of the trust estate with his own, or in-
vests it in his own name, it may be well held that the use
of the money was for himself, not for the estate, and
when he is called to account, the only answer he may be
permitted to make is the production of the funds. This
is because he has committed a breach of the trust. The
law, however, does not forbid or make unlawful an in-
vestment in securities not of a class expressly authorized
by the acts of assembly. Where such an investment is
made for the trust estate there is not a breach of trust,
although there may be liability for loss by reason of
depreciation. The securities in question were purchased
for and held by and in the name of the trust estate and
there was not a breach of trust in making the invest-

ments. Since they were accounted for, at their depreciated market value, there was no ground for a surcharge because of the illegality of the investment. The only charge is that they were not safely kept by the trustees and this charge was not sustained by the auditor. A trustee is not an insurer of trust funds against the possibility of loss, and all that is required of him is good faith and reasonable diligence. Adams's Estate, 221 Pa. 77.

The appeal of the Provident Life and Trust Company, succeeding trustee, is based on the refusal of the auditor to surcharge the accountants with the amount of a mortgage collected by her attorney and the loss of moneys of the trust estate given by the trustee to him for investment in mortgages on real estate. The appellant's contention is that the finding by the auditor that there was no negligence upon the part of the trustee in trusting her attorney is erroneous, because some three years before her death she knew the bonds of a gas and electric company had been taken from the box in which the trust securities were kept. The evidence in relation to these bonds was that the trustee wrote her attorney that on a visit to the box for the purpose of cutting off coupons she did not find these bonds and that she presumed that they were in his keeping. Interest was paid upon them until her death. That this circumstance did not in fact excite her suspicion or create distrust is conclusively shown by the fact that she continued to give him the means of access to the box in which her personal securities were kept in the bank; that it was not ground for suspicion appears from the nature of the services he performed as her attorney. The general management of the trust was not delegated by the trustee to her attorney, and he represented her in legal matters only. She kept her own accounts, collected the income, had full charge of the estate and his services were as her attorney-at-law. The trust estate consisted of seventy-nine original investments made by the decedent, and forty-six reinvestments

made by the trustee. The original securities were bonds, stocks and western farm mortgages, as to many of which there was default in payment of interest and principal. When the professional services of an attorney were required in collecting mortgages, or in attending to securities issued by companies that were in process of liquidation or reorganization, it was usual and proper that the securities should be taken to the attorney's office. The payment of moneys to the attorney for investment in specific loans on mortgage securities, as shown by her accounts, were made as such payments are usually made. The conclusion of the auditor that for these losses the trustee should not be held liable was confirmed by the Orphans' Court, and we find no reason for setting it aside. On the subject of the continuance of trust in her attorney, after she had observed that two bonds were not in her box, the auditor reported "But there is no evidence produced that would bring a suspicion home to her, and she evidently did not suspect him of doing anything wrong in this instance since she trusted him fully afterwards, and for this act, which presumably was satisfactorily explained to her, it does not seem proper to hold that she had such knowledge of his misconduct as should have put her on her guard and caused her to withdraw from him the confidence and trust she had in him."

The appeal of Alfred D. Sharpless and William P. Sharpless is sustained, and the decree appealed from by them is reversed, and it is directed that their account be confirmed. The appeal of the Provident Life and Trust Company is dismissed. The costs on both appeals to be paid by the estate.