# Home Owners' Loan Corporation Bonds

SCHNADER, Attorney General, and SEGAL, Assistant Deputy Attorney General, August 17, 1933.—We have your request to be advised whether banks, bank and trust companies, trust companies, savings banks, and building and loan associations, operating either normally or upon a restricted basis, the Secretary of Banking as receiver in possession of any such institution, or liquidating

trustees of building and loan associations, elected pursuant to plans of voluntary dissolution, may invest in or accept in exchange for mortgages held by them bonds issued by the Home Owners' Loan Corporation.

The Home Owners' Loan Corporation is a corporation organized under the Federal Home Owners' Loan Act of 1933, approved June 13, 1933. Its entire capital, not exceeding $200,000,000, is subscribed by the Government of the United States. The corporation is authorized to issue bonds in an amount not exceeding $2,000,000,000.

The act provides that the bonds shall mature within a period of not more than 18 years, shall bear interest at the rate of 4 percent per annum, and shall be guaranteed by the United States as to interest only. There is no guaranty as to the payment of principal.

The bonds may be sold by the corporation to provide additional funds for carrying out the purposes of the act, or they may be exchanged for mortgages or other liens upon real property occupied by the owner as a home. The face value of bonds exchanged, plus accrued interest thereon and any cash advanced in accordance with the provisions of the act, shall not exceed $14,000, or 80 percent of the value of the real property, as determined by an appraisal made by the corporation, whichever is the smaller amount. The value of the property, as so appraised, must not exceed $20,000. The mortgage or lien taken by the corporation in exchange for the bonds must be a first lien upon the real property taken as security.

### I. Institutions operating without restrictions

1. *Banks and bank and trust companies.* Section 1001 of the Banking Code of May 15, 1933, Act No. 112, provides that a bank or bank and trust company shall have the power: "(5) To discount, buy, sell, negotiate, or assign . . . bonds, or other evidences of debt; . . ."

There are no limitations or restrictions in any other section of the Banking Code which modify this power, so far as concerns the purchase by an institution for its own account of the bonds of the Home Owners' Loan Corporation.

Accordingly, banks and bank and trust companies may purchase as investments the bonds issued by the Home Owners' Loan Corporation.

It follows necessarily that these institutions have the power to exchange assets, other than cash, for such bonds. If a given security is a legal investment for banks and bank and trust companies, it is immaterial, in our opinion, whether it is procured by means of an outright purchase or whether it is by means of an exchange of securities.

Therefore, banks and bank and trust companies are authorized for their own account to invest their funds in bonds of the Home Owners' Loan Corporation and to accept such bonds in exchange for mortgages held by them for their own account.

2. *Private banks.* Section 1310 of the Banking Code, applicable only to private banks under your supervision, provides in part as follows: ". . . A private bank shall have the power to make the same types of loans, discounts, and investments as are permitted to banks by this act, subject to the same limitations, . . ."

Accordingly, private banks which are subject to the supervision of the Department of Banking are authorized to purchase such bonds as investments or to accept them in exchange for mortgages on real property.

3. *Savings banks.* Two classes of savings banks must be considered: those organized under general acts and those organized under special acts.

Section 1208 of the Banking Code provides that a savings bank, other than a savings bank organized under a special act of the General Assembly, shall not

make any investments other than those specifically therein enumerated. This applies equally to savings banks organized under the Act of May 20, 1889, P. L. 246, and to those organized under the Banking Code. In our opinion, the bonds of the Home Owners' Loan Corporation do not fall within any of the classes enumerated in section 1208.

However, section 1208 of the Banking Code also provides that:

"B. A savings bank, other than a savings bank organized under a special act of the General Assembly, may make such additional investments as are authorized by its articles . . ."

In the case of savings banks incorporated under special acts, the Banking Code does not specify any particular securities as legal investments. Section 1209 of the code provides that:

"A savings bank organized under a special act of the General Assembly may make such investments as may be authorized by its articles of incorporation, . . ."

Section 2 of the Banking Code contains the following definition:.

" 'Articles' includes the original articles of incorporation, any or all amendments thereto, articles of merger, consolidation, or conversion, and also what have heretofore been designated by law as certificates of incorporation or charters."

Therefore, savings banks organized either under the Act of May 20, 1889, P. L. 246, or under the Banking Code or under special acts are authorized to purchase as investments the bonds of the Home Owners' Loan Corporation, if the power to do so is contained in their articles of incorporation or in any amendment thereto. And for the reasons stated in discussing the power of banks, we advise you that this includes the power to acquire such bonds in exchange for mortgages on real estate, if the articles so provide.

The question now arises whether a savings bank which is not authorized by its articles of incorporation or any amendment thereto to invest its funds in bonds of the Home Owners' Loan Corporation may acquire such bonds by giving in exchange for them mortgages held by such savings bank.

Section 1214 of the Banking Code provides as follows:

"The restrictions imposed by this act shall not be construed to prevent a savings bank, in order to protect itself from loss upon a loan or investment previously made lawfully and in good faith, from acquiring ownership of, or otherwise taking and holding, any kind of property or security, whether real or personal. Except as otherwise provided by this act, any property so acquired, unless of the character and nature by this act authorized to be purchased or held by such savings bank, shall be sold by it within five years, but the department may, upon application of a savings bank, grant to it in writing the power to hold such property for a longer period."

Under this section a savings bank may take bonds of the Home Owners' Loan Corporation in exchange for a mortgage held by it, if in its opinion, arrived at after an independent study of the entire situation, the acceptance of such bonds will protect it from loss on the mortgage which it is giving in exchange. Such bonds can be held by the savings bank for a period of 5 years, or as much longer as the Department of Banking authorizes. However, should the articles of incorporation of the savings bank be amended in the meantime to include such bonds as legal investments, the savings bank would not be limited in the period during which it could hold them.

4. *Trust companies.* Section 1001 (*b*) of the Banking Code provides that trust companies shall have the power:

" (5) To make any investments, subject to the same limitations as in the case of savings banks incorporated hereunder, including such investments as are specifically authorized by its articles."

Therefore, trust companies are not authorized to purchase as investments for their own account the bonds of the Home Owners' Loan Corporation, unless the power to do so is contained in their articles of incorporation or in any amendments thereto or, lacking such power, if they will avoid loss by accepting such bonds in exchange for mortgages held by them.

5. *Bank and trust companies and trust companies—funds held in fiduciary capacity.* Under section 1103 of the Banking Code, legal investments for funds held in a fiduciary capacity by bank and trust companies or trust companies are in general, in the absence of contrary authority in the instrument creating the fiduciary relationship, limited to those prescribed by section 41 (a) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447, as last amended by the Act of April 26, 1929, P. L. 817, which is applicable to individual as well as to corporate fiduciaries. This section designates various types of securities as those in which fiduciaries may invest funds of their trust estates. The bonds of the Home Owners' Loan Corporation do not fall within the specified classes of securities. Consequently, fiduciaries investing in them would be subject to liability in the event of loss. See Hemphill's Appeal, 18 Pa. 303 (1852) ; Appeal of Baer, 127 Pa. 360 (1889) ; Darlington's Estate, 245 Pa. 212 (1914).

Section 41 (a) 3 of the Act of June 7, 1917, P. L. 447, exempts fiduciaries from such liability only in the event that the investments are listed as legal investments in section 41 (a) 1 of that act, as amended.

Of course, if the instrument creating the fiduciary relationship authorizes the bank and trust company or the trust company to deviate from the list of legal investments specified in section 41 (a) 1 of the Act of June 7, 1917, P. L. 447, as amended, it may do so. Such authority must, however, be clear and unequivocal. See Barker's Estate, 159 Pa. 518 (1894) ; Taylor's Estate, 277 Pa. 518 (1923).

Therefore, bank and trust companies and trust companies, in the absence of unequivocal authority in the instrument creating the fiduciary relationship to depart from the list of legal investments, are not authorized to invest trust funds in bonds of the Home Owners' Loan Corporation. To do so will subject them to a surcharge for any loss which may be suffered by the estate by reason of such investment.

Whether such bonds may be accepted in exchange for real estate mortgages held by bank and trust companies or trust companies as fiduciary is a different question. This question involves the implied power of a trustee or other fiduciary to use reasonable business judgment to protect an investment legally made.

As early as 1831, the Supreme Court of Pennsylvania, in Billington's Estate, 3 Rawle 48, 57 (1831), said:

". . . We agree entirely with the general position, that an executor, administrator, or guardian, cannot change the property from real to personal, or the contrary, or accept the security of one person, and give up that of another, or release a debt, without receiving the amount, unless at his own risk. This is the law in all ordinary cases, and where the interest of the estate, or of the ward, was safe by adhering to this rule. But cases may occur, and do often occur, where a debt will be totally lost to the estate by an executor, who adheres to this rule as the only safe one, and yet the debt or the greatest part of it could be secured by accepting an assignment of securities on other persons, or by executing a release in full where part only is paid. Now, as the general rule was intro-

duced for the benefit of the *cestuy que trusts*, it would seem strange if it could not be dispensed with, when their interest requires that a different principle should be adopted. The executor, or administrator, or guardian, must show, that the circumstances required the exercise of a sound discretion; that from all the information and advice he could obtain, the estate would sustain a total or partial loss, unless he exercised a discretionary power, and that what he did was what he really thought best, in the case as presented, what he or any prudent man would do in his own case; that his motives were pure, and his conduct prudent, and if he can do this, it is not easy to see on what principle he can be charged personally."

Several examples in which such action by fiduciaries was upheld are cited in the opinion.

On the subject of the right of a trustee to make further advances of money to render secure an investment previously made in a mortgage, the following is said in 1 Perry, Trusts and Trustees (7th ed., 1929), 740, sec. 458:

". . . No general rule can be stated; but the trustee in such case must make a careful investigation and exercise a sound discretion . . .".

We believe that the language quoted from Billington's Estate and from Perry is applicable to the present situation.

Therefore, bank and trust companies and trust companies are authorized to accept on behalf of estates of which they are fiduciaries bonds of the Home Owners' Loan Corporation in exchange for mortgages held by them on behalf of such estates, in any case in which, after a careful and independent study of the entire situation, they reach the conclusion that to do so will in all probability protect the estate from loss upon such mortgages.

6. *Building and loan associations.* Section 803 of the Building and Loan Code of May 5, 1933, Act No. 108, provides that a building and loan association shall not make any investments except those specifically enumerated in that act. In our opinion, the bonds of the Federal Home Owners' Loan Corporation do not fall within any of the categories therein specified.

It has been suggested that the bonds of the Federal Home Owners' Loan Corporation come within the following class mentioned in section 803:

"(2) Bonds or debentures *issued by a Federal Home Loan Bank* under the provisions of the Federal Home Loan Bank Act, approved the twenty-second day of July, one thousand nine hundred thirty-two, *its amendments* and supplements." (Italics ours.)

It is true that the Home Owners' Loan Act of 1933 is in part an amendment to the Federal Home Loan Bank Act. However, the bonds under discussion in this opinion are those issued by the Home Owners' Loan Corporation, not the Federal Home Loan Bank. The Home Owners' Loan Corporation is not a substitute for the Federal Home Loan Bank. The latter continues to exist. Its purpose and operation are entirely different from those of the Home Owners' Loan Corporation. The power to invest in the bonds and debentures of the Federal Home Loan Bank cannot be construed to include the power to invest in the bonds of the Home Owners' Loan Corporation.

It has been suggested also that these bonds fall within the group specified in section 803(1) of the Building and Loan Code, that is, in general obligations of the United States. The bonds of the Home Owners' Loan Corporation are debts of the corporation; they are not part of the public debt of the United States.

Accordingly, building and loan associations are not authorized to purchase as investments bonds of the Home Owners' Loan Corporation.

However, under section 806 of the Building and Loan Code (which corresponds to section 1214 of the Banking Code), building and loan associations are authorized to accept such bonds in exchange for mortgages upon real property held by the association, provided that it appears that the transaction will probably protect the association from loss upon the mortgages. The association, before accepting the bonds, must arrive at an independent judgment after a study of all the facts. Such bonds, when accepted by the association in exchange for mortgages, must be sold by it within 5 years, unless the department, in the manner provided by the above section, authorizes the association to hold them for a longer period.

## II. Institutions operating under restrictions

1. *Banks, bank and trust companies, savings banks and private banks under supervision of Department of Banking.* Under the Act of March 8, 1933, No. 6, the Secretary of Banking has the power to authorize any bank, bank and trust company, savings bank, or private bank under his supervision to suspend payment of all or part of its deposit liabilities, subject to such rules and regulations as the Secretary of Banking may prescribe.

Pursuant to this act, the Secretary of Banking has imposed the following limitation, applicable to all funds on hand in the institution except those received as new deposits after the date on which the Secretary of Banking authorized the institution to suspend payment of its deposit liabilities:

"(c) Cash on hand and accumulated from the collection of loans, etc., shall not be invested but shall be available for payments to depositors in such amounts and at such times as may be approved by the Secretary of Banking."

Such funds therefore may not be invested in bonds of the Home Owners' Loan Corporation.

Section 1(c) of the Act of March 8, 1933, authorizes institutions which are operating under that act: "(c) To receive new deposits which shall be segregated from deposits previously made and invested in liquid assets as defined by the Secretary. . . ."

Therefore, "new deposits" may not be invested in bonds of the Home Owners' Loan Corporation unless you are able and willing to classify them as "liquid assets".

However, institutions operating under the restrictions imposed by the Act of March 8, 1933, are nowhere, either in the act itself or in the regulations of the Department of Banking, limited in the carrying out of their regular powers to protect themselves from loss. Each of the types of institution enumerated is authorized, when operating without restrictions, to acquire any property or security whatsoever to protect itself from loss on a previous investment. See sections 1001, 1017, 1214, and 1310 of the Banking Code.

Therefore, banks, bank and trust companies, savings banks, and private banks under supervision of the Department of Banking, operating under the restrictions imposed by the Act of March 8, 1933, and the regulations of the Department of Banking issued pursuant thereto, are authorized to accept bonds of the Home Owners' Loan Corporation in exchange for mortgages held by them, in any case in which it appears to them that such action will protect the institution from loss on such mortgages.

2. *Bank and trust companies, and trust companies—Funds held in a fiduciary capacity.* Neither the Act of March 8, 1933, nor the regulations issued by the Department of Banking pursuant thereto affect in any way the powers which a bank and trust company or a trust company has as fiduciary. Their power to accept bonds of the Home Owners' Loan Corporation in exchange for mortgages held by them is therefore, in our opinion, the same as that which we have out-

lined above for bank and trust companies and trust companies not operating on a restricted basis.

3. *Building and loan associations.* Under section 808 of the Building and Loan Code, the Department of Banking is authorized, under certain conditions, to issue an "order of segregation". The order of segregation does not in any manner add to the investments which may be made by an association. Consequently a building and loan association operating under the restrictions imposed by the order of segregation has no power to purchase bonds of the Home Owners' Loan Corporation, but it has the same power to accept them in exchange for a mortgage held by the association as it had prior to the issuance of the order of segregation.

### III. Institutions in possession of the Secretary of Banking as receiver

1. *Banks, bank and trust companies, trust companies, savings banks, and private banks subject to supervision of Department of Banking—funds other than trust funds.* Article VII of the Department of Banking Code of May 15, 1933, Act No. 111, prescribes the rights, powers, and duties of the Secretary of Banking in possession, as receiver, of the business and property of any bank, bank and trust company, trust company, savings bank, or private bank under his supervision.

A careful study of article VII indicates that the Secretary of Banking, in possession of an institution as receiver, is nowhere given power to make investments, except such as are necessary to protect an equity which such institution has in real or personal property. In general it is the duty of the Secretary of Banking as receiver to liquidate the affairs of the institution and to make funds available for the payment of dividends to creditors, depositors, or shareholders, as the case may be. The making of investments is inconsistent with the purposes for which he takes possession as receiver. Consequently, no such powers are granted to him by the Department of Banking Code.

However, section 716(a) of the Department of Banking Code provides as follows:

"The Secretary may, with leave of court, compound or compromise any debt, claim, or judgment due to the institution of which he is in possession as receiver, and discontinue any action or other proceeding pending therefor."

Under this section the Secretary of Banking as receiver may, with leave of court, settle any claim, whether secured by a mortgage or by any other form of security. If the compromise of a mortgage contemplates the acceptance by him of the bonds of the Home Owners' Loan Corporation in exchange for the mortgage, we are of the opinion he may do so, if the court approves.

2. *Bank and trust companies and trust companies—funds held in fiduciary capacity.* Section 802 of the Department of Banking Code deals with the powers and duties of the Secretary of Banking in handling the trust department of bank and trust companies or trust companies of which he is receiver. It provides, in part, as follows:

"The secretary shall not, however, have the power to invest funds or property of any such estate, except where it shall appear necessary to purchase any real or personal property or any interest therein, in order to protect an equity which such estate has in such property. . . ."

This clause is self-explanatory.

Section 802(b) of the Department of Banking Code provides, in part, as follows:

"The Secretary, when in possession of an institution as receiver, shall have all the rights, powers, and duties which such institution had in its fiduciary capacity. . . ."

Under the express terms of this provision, the Secretary of Banking as receiver of a bank and trust company or a trust company has the same power as was enjoyed by the bank and trust company or trust company before it was taken into possession to protect an estate from loss on mortgages held by it by accepting bonds of the Home Owners' Loan Corporation in exchange for such mortgages.

### IV. Building and loan associations in possession of liquidating trustees

Article XI of the Building and Loan Code contains the procedure for the voluntary dissolution of building and loan associations. Under a plan of dissolution by liquidating trustees, as under a liquidation conducted by the Secretary of Banking as receiver, the purpose is to liquidate the business and property of the association with the greatest possible dispatch. It would clearly be beyond the power of liquidating trustees to make any new investments, except such as are necessary to protect a prior equity of the association.

However, most plans of voluntary dissolution specifically authorize the liquidating trustees to compromise and settle claims. Even in cases where this power is not specifically stated, it must be implied as a necessary corollary of the power to liquidate.

Therefore, liquidating trustees under a plan of voluntary dissolution are authorized to accept bonds of the Home Owners' Loan Corporation in exchange for mortgages, pursuant to a compromise or settlement which they deem to the best interests of creditors and shareholders of the association.

### V.

To summarize, we advise you that:

1. Banks, when operating without restrictions, may purchase bonds of the Home Owners' Loan Corporation as investments and may accept them in exchange for mortgages on real estate. When operating under restrictions, these institutions may not purchase such bonds as investments with old funds and can purchase them with segregated funds only if you classify them as "liquid assets"; but the banks may accept such bonds in exchange for mortgages, in any cases in which they are satisfied that to do so will avoid loss.

2. Bank and trust companies, for their own account, have the same powers as banks. They may not purchase these bonds for trust estates in the absence of clear and unequivocal authority in the instrument creating the fiduciary relationship; but they may accept them in exchange for mortgages held by them for such estates in any case in which, after a careful and independent examination of all the facts, it appears that to do so will save the estate from loss upon the mortgage thus given in exchange.

3. Savings banks are authorized to purchase such bonds as investments or accept them in exchange for mortgages only if authorized to do so by their articles of incorporation or any amendment thereto; if not authorized by their articles of incorporation to invest in such bonds, they may nevertheless accept them in exchange for mortgages held by them whenever it appears that to do so will save them from loss upon such mortgages.

4. Trust companies, for their own account, have the same powers and are subject to the same limitations, with respect to such bonds, as savings banks. For trust estates, they have the same powers as bank and trust companies.

5. Private banks under supervision of the Department of Banking have the same powers as banks.

6. Building and loan associations are not authorized to purchase such bonds as investments, but may accept them in exchange for mortgages held by them,

in any cases in which it appears that to do so will save them from loss upon such mortgages. The powers of these associations are not affected by the fact that they are operating under order of segregation.

7. The Secretary of Banking as receiver of banks, bank and trust companies, and trust companies for their own account, savings banks, private banks under supervision of the Department of Banking, building and loan associations, is not authorized to purchase such bonds as investments, but may, with the approval of the court, accept them in exchange for mortgages of the institution of which he is in possession in any cases in which he deems such action to the best interests of the estate.

8. The Secretary of Banking as receiver of bank and trust companies and trust companies for estates of which they are serving in a fiduciary capacity is not authorized to purchase such bonds as investments for estates, but may accept them in exchange for mortgages of estates under the same circumstances and subject to the same conditions as governed the action of the institution in this regard prior to his taking of possession.

9. Liquidating trustees of building and loan associations, subject to the terms of the particular plan of voluntary dissolution, have the same powers as the Secretary of Banking as receiver of a building and loan association.