## In re PORTEX OIL CO.

### No. B—24352.

District Court, D. Oregon.

Feb. 2, 1942.

John Hall, of Portland, Or., for Willis Clark, trustee.

Cookingham & Hanley, of Portland, Or., for debtor.

Carey, Hart, Spencer & McCulloch and Philip Chipman, all of Portland, Or., for receivers.

Maguire, Shields, Morrison & Biggs, of Portland, Or., for Stockholders' Committee.

JAMES ALGER FEE, District Judge.

A civil action was brought against Portex Oil Company in the United States District Court for the Eastern District of Texas, and by consideration of the court through the Honorable Randolph Bryant, a receivership was granted. E. N. Stanley and W. K. Hutchcraft were appointed receivers. Possession of the property was taken by the receivers and held until it was yielded to the trustee of this court. Subsequent to the appointment a reorganization proceeding was instituted in this court. Attack was made by certain creditors on the ground that the court had no jurisdiction. The court decided jurisdiction was founded here and the holding was affirmed. After the property in Texas was turned over, it became necessary for this court to settle the accounts and make allowances for the receivers there.

The instant matter arises upon objection of Willis K. Clark, trustee, to the account of the temporary receivers. The court appointed Honorable Estes Snedecor Special Master to hear the contest. The temporary receivers presented accounts of which the Special Master recommends allowance. The trustee through his counsel now presents the recommendation for confirmation by the court.

Four matters were criticized by the trustee. These are, (1) that certain items covering purchases of current supplies and repairs were not supported by invoices, (2) certain checks issued to B. L. Freeman were not supported by itemized vouchers, (3) certain checks were issued upon the payroll to persons not employed or in amounts in excess of wages due. (These amounts are all apparently traced to Freeman.) (4) a discrepancy between the amount shown as received and the amount due for gas and oil delivered to another company.

■ The lack of invoice is, of course, not a fatal defect. There is apparently no claim that the receivers did not pay out the money upon valid claims. Second, the money paid to Freeman was for use of his automobile. The receivers considered it was a proper lumping of expense upon the private automobile of the manager of the plant for the period of time covered. This was a proper allowance.

The third point was fully considered by the Special Master. The receivers were appointed by a federal court and there is a statement of Judge Bryant who designated them vouching for the high character and standing of each. When the property was taken over, one Freeman who had been employed by Portex Oil Company itself was continued in service. The evidence shows Freeman was guilty of defalcation. There is not one suggestion or scintilla of evidence tending to involve either receiver in the matter in any manner. Freeman was not even known to them when they took over the property.

■ In any event, the amounts so abstracted cannot be charged against the receivers. It has always been recognized as a principle that one serving in a fiduciary capacity must act in the utmost good faith.[1] But when he has performed this obligation, he is not held liable if he exercises his best judgment. Specifically, a fiduciary is not held liable for defalcations of servants and employees whom he has selected in good faith.[2] This doctrine is applied, among others, to receivers.[3] Here the receivers are absolved from liability.

■ The fourth claim represents an uncollected obligation due debtor from a third party. It still is an asset, if valid. There was no negligence in failing to attempt to collect this amount before the turnover of the property to the trustee here. No charge can be made against the receivers on this account.

Thus the accounts of the receivers should be cleared and approved in full, and the recommendations and findings of the Special Master are approved. The court, however, does not mean to imply that the trustee should not have called these matters to the attention of the court. He was not bound to accept the onus of approving these accounts, which are admittedly improper as far as Freeman is concerned, without the consent of this court. Now, after hearing has been had, the whole matter is cleared up, but if it had not been, the trustee might have been held reprehensible. The trustee has now, apparently, satisfied himself and has moved to confirm the report of the Special Master.

The findings and recommendations of the Special Master are adopted.

Appropriate order may enter.

[1] In re Darlington's Estate, 245 Pa. 212, 91 A. 486; In re Bender's Estate, 278 Pa. 199, 122 A. 283; Julian v. Abbott, 73 Mo. 580; In re Estate of Taylor, 52 Cal. 477.

[2] Perry Trusts and Trustees, 7th Edition, Volume I, page 683; Scott Trusts, Volume II, Section 225; 3 Bogert, Trusts and Trustees, § 555.

[3] High on Receivers, 4th Edition, Section 275, 53 C.J. 173; Powers v. Loughridge, 38 N.J.Eq. 396; In re Union Bank of Jersey City, 37 N.J.Eq. 420; Sandford v. Clarke, 38 N.J.Eq. 265; Miller's Case, 277 Pa. 336, 121 A. 98; In re Marcus, D.C., 2 F.Supp. 524, 525, affirmed Revere Sugar Refinery v. Pennsylvania Trust Co., 3 Cir., 67 F.2d 1008, certiorari denied 291 U.S. 679, 54 S.Ct. 528, 78 L.Ed. 1067; Evans v. Williams, 6 Cir., 276 F. 650; See Gunn v. Ewan, 8 Cir., 93 F. 80.